IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

FILED

FEB 1 6 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

MATTHEW GREEN,

Plaintiff,

v.                                          Civil Action No. 2:05-CV-0107

METAL SALES MANUFACTURING
CORPORATION, a foreign
corporation,

Defendant.

## PLAINTIFF'S OBJECTION TO THE DEFENDANT'S
## NOTICE OF REMOVAL AND MOTION FOR REMAND

Now comes the Plaintiff, Matthew Green, by counsel, James R. Akers, II, in response to the Defendant's Notice of Removal served via mail on February 8, 2005. The Plaintiff objects to the Defendant's Notice of Removal, moves for remand, and states as follows:

1.      This matter arises from a personal injury action in which the Plaintiff, Matthew Green, was injured when struck in the leg by metal roofing manufactured by the Defendant, Metal Sales Manufacturing Corporation ("Metal Sales"). The Plaintiff alleges that Metal Sales improperly packaged its metal roofing so that it came loose during loading and caused injury to the Plaintiff.

2.      Metal Sales apparently has its principal place of business in Indiana and is a corporation existing under the laws of Kentucky. At this time the Plaintiff does not contest that Metal Sales is a diverse citizen for purposes of 28 U.S.C. Section 1332. The

Plaintiff disagrees, however, that this action is properly removable since the Defendant has failed to prove that the amount in controversy confers jurisdiction upon this Court.[1]

3.     The Plaintiff neither filed his Complaint in federal court, nor did he state a an amount certain in the *ad damnum* clause of his Complaint. For that reason, the "legal certainty" test noted in the Defendant's Notice of Removal is inapplicable. Rather, "[a] defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." Landmark Corporation v. Apogee Coal Company, 945 F.Supp. 932 (S.D.W.Va 1996) (citations omitted).[2]

4.     It is well established that the party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. Sayre v. Potts, 32 F.Supp.2d 881, 883 (S.D.W.Va. 1989). It has been further stated that "the congressional desire to restrict removal has been understood to require that doubts about the propriety of removal be resolved in favor of retained state court jurisdiction." Able v. Upjohn Company, 829 F.Supp.2d 1330, 1331 (4th Cir. 1987) (cert. denied) 45 U.S. 963. As this Court knows, removal is generally disfavored when there is concurrent state court jurisdiction.

---

[1] The Defendant has not argued, nor has it been alleged, that this Court has original jurisdiction pursuant to any matter giving rise to a federal question. Rather, this is a simple negligence claim arising from the Plaintiff's personal injury described above.

[2] One judge in the United States District Court for the Southern District of West Virginia has used a legal certainty test but requires that the defendant prove to a "legal certainty" that the amount in controversy meets or exceeds $75,000.00. *See,* White v. J.C. Penney Life Insurance Company, 861 F.Supp. 25 (S.D.W.Va 1994) (Faber, J.) Former Chief Judge Haden appeared to use what has been referred to as the "reverse legal certainty test" in which the defendant must demonstrate it is not a legal certainty that the claim is for less than the jurisdictional amount. *See,* Cline v. Matney, 20 F.Supp. 2d 977 (S.D.W.Va 1998). Two current sitting judges in the Charleston Division of the United States District Court for the Southern District of West Virginia, however, appear to rely upon the preponderance of the evidence standard discussed above.

5.      When determining whether the amount in controversy exceeds the federal jurisdictional benchmark, one judge in this District looked to the following for guidance:

> For the purpose of determining subject matter for jurisdiction, the Court may consider the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the Court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given to such demands is a matter of dispute among courts. Finally, in reaching a conclusion with regard to the amount in controversy based upon this evidence, the Court is not required to leave its common sense behind.

Sayre at 887.  (Citations and quotations omitted).[3]

6.      In the instant matter the Plaintiff has not alleged punitive damages in his Complaint.  The Defendant has not pointed to any similar cases that arguably are relevant to removal.  The Defendant has not provided this Court with any expenses or losses incurred by the Plaintiff up to the date the Notice of Removal was filed.  The Defendant has also not provided any settlement demands as none have been made.  In other words, the Defendant has simply made a bare allegation that the amount in controversy exceeds $75,000.00.  Relying upon such a bare allegation in order to meet the federal jurisdictional minimum is insufficient.  Id. at 886 (citations omitted).  Based upon the foregoing, the Plaintiff respectfully contends that the Defendant has not met its burden of proving that the amount in controversy exceeds this Court's jurisdictional limit.

---

[3] The Defendant claims that the Plaintiff's Complaint seeks compensation for his personal injury damages as well as attorney fees and costs, pre-judgment and post-judgment interest.  However, interest and costs may not be used to calculate the amount in controversy. See, 28 U.S.C. 1332(a).

WHEREFORE, the Plaintiff requests that this Court remand this matter back to the Circuit Court of Kanawha County, West Virginia, so that it may proceed in that jurisdiction and venue under Civil Action No. 04-C-3359. The Plaintiff requests any other such relief deemed appropriate.

**MATTHEW GREEN**
**By Counsel**

Robert B. Warner (WVSB #7905)
James R. Akers, II (WV Bar #8083)
WARNER LAW OFFICES, PLLC
108 1/2 Capitol Street
P.O. Box 3327
Charleston, WV 25333
(304) 344-4460

IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MATTHEW GREEN,

      Plaintiff,

v.                                      Civil Action No. 2:05-CV-0107

METAL SALES MANUFACTURING
CORPORATION, a foreign
corporation,

      Defendant.

## CERTIFICATE OF SERVICE

I, James R. Akers, II, counsel for the Plaintiff herein, do hereby certify that I have served a true copy of the foregoing **PLAINTIFF'S OBJECTION TO THE DEFENDANT'S NOTICE OF REMOVAL AND MOTION FOR REMAND**, upon counsel of record this 16th day of February, 2005, by depositing the same in the United States Mail, postage prepaid, in an envelope addressed as follows:

Niall A. Paul, Esq.
Dennise Smith-Kastick, Esq.
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273
Charleston, WV  25321-0273
*Counsel for Defendant*

James R. Akers, II (WVSB #8083)