**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MATTHEW GREEN,

                Plaintiff,

v.                                             CIVIL ACTION NO.  2:05-cv-00107

METAL SALES MANUFACTURING
CORPORATION, a foreign corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

On or about February 9, 2005, the defendant, Metal Sales Manufacturing Corporation (Metal Sales), filed a Notice of Removal on the grounds of diversity jurisdiction.  In response, the plaintiff, Matthew Green, filed the pending Objection to Removal and Motion to Remand [Docket 7].  For the reasons discussed below, the court **FINDS** that removal in this case is proper, **OVERRULES** the plaintiff's objection to removal and **DENIES** the plaintiff's motion to remand.

**I.**      **Background**

This case was initially filed in the Circuit Court of Kanawha County, West Virginia.  The plaintiff, Matthew Green, alleges that he was injured while unloading a shipment of metal roofing, which he claims was manufactured and negligently packaged by Metal Sales.  The plaintiff further claims that as a "direct and proximate result of the negligence and carelessness of the defendant, Metal Sales, [he] suffered a severe comminuted fracture of his right distal tibia, and permanent disfigurement; has incurred medical expenses and will incur additional medical expenses in the

future; has endured pain and suffering, both in the past and in the future; has sustained an impairment of the capacity to enjoy life, both past and future; has incurred lost wages, and will continue to do so in the future; has suffered diminished earning capacity and will continue to do so in the future; due to the extent of his permanent condition, he has suffered in the past and will suffer in the future humiliation and embarrassment; and, the plaintiff has in the past suffered annoyance, aggravation, and mental anguish and will continue to do so in future." Although the complaint does not state the amount in controversy, the plaintiff requests a judgment against the defendant "in an amount adequate to compensate him for his damages sustained, together with pre-judgment and post-judgment interests, costs of the proceeding, and attorney fees incurred in and about the prosecution of this matter."

The defendant timely removed this case to federal court and the plaintiff objected to the removal. The plaintiff's objection states that the court lacks diversity jurisdiction over this case because the defendant "has failed to prove that the amount in controversy confers jurisdiction upon this Court."

## II.    Discussion

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441 (2004). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.*

Removal in the present case is premised on 28 U.S.C. § 1332(a), which states: "The district

2

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . ." Because the plaintiff is a resident of West Virginia and the defendant is a corporate citizen of Indiana, diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a)(1). Still, the court must determine whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. 1332(a). This and other courts in this district have adopted a preponderance of the evidence standard to determine whether the amount in controversy exceeds $75,000. *See*, *e.g.*, *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). The defendant therefore bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. To do so, the defendant "must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Sayre*, 32 F. Supp. 2d at 886.

This court is not limited, however, by either party's presentation of the evidence. It may "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Sayre*, 32 F. Supp. 2d at 886 (quoting *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)). Specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 936-37 (S.D. W. Va. 1996). For purposes of determining subject matter jurisdiction, the court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded

> in other similar cases. Anther factor for the court to consider would
> be the expenses or losses incurred by the plaintiff up to the date the
> notice of removal was filed. The defendant may also present
> evidence of any settlement demands made by the plaintiff prior to
> removal . . .

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997); *Sayre*, 32 F. Supp. 2d at 886.

In *Sayre*, a case in which the complaint also claimed serious and permanent physical injuries and lost

earning capacity, this court noted that the kind of allegations in the complaint "in the absence of an

*ad damnum* clause, are evidence supporting the defendant's contention that the amount in dispute

is in excess of the jurisdictional amount." *Id.* at 887. The court noted, however, that such evidence

is not conclusive and standing alone, such allegations in the complaint are not sufficient to carry the

defendant's burden. *Id.*

       In the present case, the defendant also argues that the allegations in the complaint provide

some evidence that the amount in controversy meets the jurisdictional limits. Specifically, the

defendant argues that the plaintiff's allegations of a "severe" fracture and "permanent

disfigurement," combined with the other damages the plaintiff claims to have suffered–such as past

and future medical expenses, lost wages, and pain and suffering–clearly indicate that the amount in

controversy exceeds $75,000.

       The court may consider as evidence "the judgment that would be entered if plaintiff prevailed

on the merits of the case as it stands at the time of removal." *McCoy v. Erie Ins. Co.*, 147 F. Supp.

2d 481, 489 (S.D. W. Va. 2001). To calculate that amount, the court may look to the entire record

before it and make an independent evaluation as to whether the jurisdictional limit has been met.

*Id.* As noted above, the court may consider several factors when making this determination,

including the damages recoverable for the type and extent of the plaintiff's injuries. The possible damages recoverable may be shown by the amounts awarded in other similar cases. *Watterson*, 14 F. Supp. 2d at 850; *Sayre*, 32 F. Supp. 2d at 886. The defendant has attached verdict documents from two similar cases resolved in the West Virginia state court systems to its response. Both cases involved jury verdicts that far exceed the jurisdictional limit where the plaintiff experienced a severe fracture and suffered from pain, lost wages, and medical expenses as a result.

Based on the allegations contained in the complaint and the evidence of damages in other similar cases, the court **FINDS** that the defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Although the complaint is silent as to any specific amount of monetary damages and the plaintiff has made no demand, has not engaged in settlement negotiations, and has not provided the defendant with any information on the amount of medical expenses incurred, such efforts on the part of the plaintiff to obscure the amount in controversy are not controlling here. The plaintiff does not argue that the amount in controversy is less than $75,000 or that he will not seek an amount above that number. Instead, the plaintiff simply argues that the defendant has not satisfactorily proven the amount in controversy exceeds the jurisdictional limit. For the reasons stated above, the court disagrees and **DENIES** the plaintiff's motion to remand. In making this finding, the court notes that it is "not required to leave its common sense behind." *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999).

## III.   Conclusion

Based on the allegations contained in the complaint and the evidence of verdicts in other similar cases, the court **FINDS** that the defendant has met its burden of proving by a preponderance of the evidence that the jurisdictional minimum has been met in this case. Accordingly, the court

**OVERRULES** the plaintiff's objection to removal and **DENIES** the plaintiff's motion for remand [Docket 7].  The court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented party.

ENTER:        May 13, 2003

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6